**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| MANUEL ANTUNES | : Bankruptcy No. 15-16553 (MDC) |
| | : |
| | : |
| Debtor. | : |
| | : |

**MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND TO**
**IMPOSE A TRUST UPON ASSETS HELD BY THE TRUSTEE TO WHICH THE**
**DEBTOR CLAIMS A POSSESSORY INTEREST**

Robert H. Holber, chapter 7 trustee to the Estate of Manuel Antunes (the "Debtor"), by

and through his undersigned counsel, hereby files this Motion for Turnover of Property of the

Estate and to Impose a Trust upon Assets held by the Trustee to which the Debtor Claims a

Possessory Interest (the "Motion") and respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over the parties and the subject matter of this

adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  The statutory basis of this

Complaint is 11 U.S.C. §§ 105 and 542.

2.      This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E)

and (F).

3.      Venue is property in this district pursuant to 28 U.S.C. § 1409(a).

**Factual Background**

4.      On September 11, 2015, the Debtor filed a voluntary petition for relief under

Chapter 13 of Title 11 of the United States Code.

5.      On September 2, 2016, an Order was entered converting the Debtor's Chapter 13

case to one under Chapter 11 of the Bankruptcy Code.

6. On March 21, 2017, an Order was entered granting the Office of the United States

Trustee's motion to convert this case from Chapter 11 to Chapter 7 of the Bankruptcy Code (the

"Conversion Order") (Dkt. No. 221).

7. Thereafter, the Office of the United States Trustee appointed Robert H. Holber as

the Chapter 7 Trustee of the Debtor's estate.

8. On June 18, 2018, The Court entered a Stipulation and Order Denying the

Discharge of the Debtor. (Dkt. No. 395). This Stipulation resolved the adversary proceeding

brought the by the Office of the United States Trustee.[1]

9. On June 13, 2017, the Trustee filed the Objection to Debtor's Exemption (the

"Objection"). Through the Objection, the Trustee asserted that certain property the Debtor

classified as exempt because it was owned with the Debtor's wife, Judith Antunes ("Judith") as

tenants by the entities was either: (i) not exempt property because it was not held as tenants by

the entities or (ii) could still be liquidated to pay joint debts against the Debtor and Judith.

10. After an extensive arms' length negotiation, the Debtor, Judith, and the Trustee

reached an agreement with respect to the Objection. This Court approved that settlement

pursuant to Fed. R. Bankr. P. 9019 on January 17, 2018. As set forth in that settlement, the

Trustee was authorized to sell 360 Pineville Road, Newtown, PA ("Pineville") for the benefit of

the Debtor's estate and is authorized to sell the Debtor's interest in 2104 Brookhaven Drive,

Yardley, PA ("Brookhaven") for the benefit of the Debtor's estate. The Stipulation approved by

this Court is attached hereto as Exhibit "A."

11. The Trustee attempted to sell Pineville to Michael Meister in exchange for

$100,000.00 (the "Meister Sale"), to which the Debtor objected.

---

[1] *Vara v. Antunes (In re Antunes)*, Adv. No. 17-178 (Bankr. E.D. Pa.).

8158267 v1

12.     On August 15, 2018, at hearing to approve the Meister Sale, the Debtor and the

Trustee reached a comprehensive settlement that attempted to dispose of the Estate's interest in

Pineville, Brookhaven, and resolve an adversary brought by the Trustee against the Debtor and

affiliated entities and individuals (the "Adversary Proceeding"). The Adversary Proceeding

asserts that Manchester Construction, Inc. is an alter-ego of the Debtor and the assets of

Manchester Construction, Inc. should be used to satisfy the Debtor's liabilities. Furthermore, the

Adversary Proceeding seeks payment of rent from Manchester Construction, Inc. and Giuseppe

Marrero that should have otherwise been turned over to the estate. (the "Rent Amounts").[2]

13.     Discovery in the Adversary Proceeding ends on April 30, 2021 and a final pretrial

conference is scheduled for July 21, 2021.

14.     On September 27, 2018, the Trustee filed an Expedited Motion of Chapter 7

Trustee for an Order Approving Settlement Agreement Related to Sale of Debtor's Property,

Abandonment of Debtor's Property, and Dismissal of Adversary Proceeding (the "Sale

Settlement Motion") (Dkt. No. 408). Attached as Exhibit A to the Sale Settlement Motion is the

transcript of the August 15, 2018 hearing that put the Sale Settlement on the record.

15.     As required by the Sale Settlement, the Debtor paid the amount of $25,000.00 to

the Trustee as required by the Sale Settlement (the "Deposit").

16.     The Court heard the Sale Settlement Motion on October 10th, 11th, and 16th of

2018. The Court orally denied the Sale Settlement Motion at a conference call on October 26,

2020. The Court entered an Order denying the Sale Settlement on November 1, 2018. (Dkt. No.

415).

---

[2] *Holber v. Manchester Construction, Inc. et al. (In re Antunes)*, Adv. No. 18-0097 (Bankr. E.D.
Pa.).

17.     The Debtor filed a Motion for Relief from the Court's November 1, 2018 Order on November 16, 2018. (Dkt. No. 418). The Trustee did not oppose that Motion for Relief.

18.     On December 14, 2018, the Court denied the Debtor's Motion for Relief from the Court's November 1, 2018 Order for lack of prosecution. (See Minute Entry at Dkt. No. 425).

19.     Given the fact that the Sale Settlement Motion was denied, the Trustee was forced to pivot his strategy and again pursued the sale to Michael Meister, the hearing to approve which was continued while the Trustee pursued the approval of the Sale Settlement Motion (the "Renewed Meister Sale").

20.     The Debtor vigorously opposed the Renewed Meister Sale. On January 22, 2019, the Court concluded its evidentiary hearing on the Motion to Sell Pineville to Meister. The Court entered an Order approving the Meister Sale on the same day. (Dkt. No. 436).

21.     On January 24, 2019, the Debtor filed a Motion for Relief from the January 22, 2019 Order. (Dkt. No. 437). That same day, the Debtor filed a Notice of Appeal of the January 22, 2020 Order to the United States District Court for the Eastern District of Pennsylvania.

22.     In response to the appeal, this Court filed a Memorandum Opinion on February 19, 2019 explaining its rationale for denying the Sale Settlement and approving the Renewed Meister Settlement (Dkt No. 460). The Court found that Judith Antunes acted in bad faith and that the Debtor and Judith Antunes could not adequately explain to the Court that the money used to fund the deposit was money that should have otherwise been turned over to the Estate, as required by the Conversion Order. Furthermore, the Court questioned how Judith could have paid the Deposit given the fact that she attempted to file a chapter 13 bankruptcy. The Memorandum is attached hereto as Exhibit "B."

4

23.     Every motion for relief from this Court's Orders was overruled. <u>See</u>, Dkt. No. 427

(dated December 20, 2018) and 472 (dated February 28, 2019).

24.     All of the Debtor's appeals were dismissed. <u>See</u>, Dkt. Nos. 476 (dated February

25, 2019), 483 (dated February 25, 2019), and 489 (dated April 2, 2019).

25.     On January 3, 2021, the Debtor made a formal demand to the Trustee to return the

Deposit, to the Debtor plus interest. That demand necessitated this Motion.

**Argument**

26.     The Trustee has been holding the Deposit pending the resolution of an Adversary

Proceeding described above, which is ongoing. The Trustee expects to secure a judgment from

the Debtor in the Adversary Proceeding. Given the likelihood of an award and the Debtor's

history of absconding with estate property, it remains appropriate to hold the Deposit as security

for payment. Furthermore, the Trustee asserts that he may be entitled to retain the Deposit based

upon the agreement reached between the Trustee, the Debtor, and Judith.

27.     As described in the Memorandum, the Debtor was asked to provide specific

evidence showing that the funds used to tender the Deposit were not the same funds that were

ordered to be turned over through the Conversion Order. This Court determined that the Debtor

provided insufficient evidence to make it comfortable that the Debtor has complied with the

Conversion Order and thus denied the Sale Settlement.

28.     Section 542 of the Bankruptcy Code states as follows:

> [A]n entity, other than a custodian, in possession, custody, or control, during the
> case, of property that the trustee may use, sell, or lease under Section 363 of this
> title, . . . shall deliver to the trustee, and account for, such property or the value of
> such property, unless such property is of inconsequential value or benefit to the
> estate.

11 U.S.C. § 542.

5

29.     The Conversion Order directed the Debtor to deposit all outstanding pre-conversion payroll and rent checks in to the Debtor's Debtor-in-Possession bank account (the "DIP Account"). The Conversion Order is attached hereto as Exhibit "C" and incorporated herein by reference.

30.     The Debtor failed to deposit all pre-conversion payroll and rent checks into the DIP Account.

31.     As set forth in the Memorandum, following the Conversion, the Debtor continued to use the DIP Account.

32.     The funds that were not deposited into the DIP Account or spent from the DIP Account (the "Estate Property Funds") without authorization constitute property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541.

33.     The Debtor and/or Judith have not turned the Estate Property Funds over to the Trustee.

34.     Given the fact that the Debtor has not returned the Estate Property Funds, as required by the Conversion Order, they remain in his possession and are subject to turnover.

35.     Since the Estate Property Funds represent cash, the Trustee would be able to use such assets in the administration of the Debtor's estate and therefore, they are subject to return by the Debtor.

36.     The Trustee believes that the amount due to be turned over from the Debtor is in excess of $9,000, but the specific amount cannot be quantified until an accounting is ordered. Even if the amount is only $9,000, such an amount is not of inconsequential value to the Estate and is subject to turnover. Additionally, the Court found that the Debtor had spent over $12,000 from the DIP Account following conversion. (Dkt. No. 461 at 9, Exhibit B).

8158267 v1

37.     Based upon this Court's findings in the Memorandum, it is appropriate to impose a temporary constructive trust over the Deposit for the purposes of determining the amount due to the Estate. With this, the Trustee can be certain that he will have funds on hand necessary to make the Estate whole, at least to the amount of the Deposit, if and when it is determined what amount the Debtor owes to the Estate for violating the Conversion Order or amounts that will be due from the Debtor as a result of the Adversary Proceeding.

38.     In the event that the Court refuses to impose a constructive trust upon the Deposit and instead orders its return to the Debtor, the Trustee fears that the Debtor will not have sufficient funds to pay any amount ordered back to the Estate or will obfuscate the amount of funds available. This would only increase the costs of administering the estate and also delay its closure.

**WHEREFORE**, the Trustee respectfully requests that this Court in his favor and against the Debtor and Judith:

    a.   Compelling an accounting of the Estate Property Funds;

    b.   Ordering the payment of the Estate Property Funds to the Trustee;

    c.   Imposing a constructive trust on all assets in the possession of the Trustee for which the Debtor and/or Judith have alleged ownership;

    d.   Ordering the setoff of all assets in the possession of the Trustee for which the Debtor and/or Judith have alleged ownership;

    e.   Such other relief as the Court deems just and proper

Dated: January 29, 2021                    **FLASTER/GREENBERG P.C.**

By: */s/ Damien Nicholas Tancredi*
William J. Burnett, Esquire
Damien Nicholas Tancredi, Esquire
1835 Market Street, Suite 1050
Philadelphia, PA 19103
Telephone 215-587-5675
Facsimile 215-279-9394

*Counsel for Robert H. Holber,*
*Chapter 7 Trustee*

8

8158267 v1