# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MANUEL ANTUNES,<br><br>　　　　　　　　Debtor | Chapter 7<br><br>Case No. 15-16553 (MDC) |
| ROBERT H. HOLBER, CHAPTER 7 TRUSTEE TO THE ESTATE OF MANUEL ANTUNES,<br><br>　　　　　　　　Plaintiff<br><br>v.<br><br>MANCHESTER CONSTRUCTION, INC., MANUEL ANTUNES, JR., MANUEL ANTUNES, SR., AND GIUSEPPE MARRERO,<br><br>　　　　　　　　Defendants | Adv. Pro. No. 18-00097 (MDC) |
| JUDITH ANTUNES and MANUEL ANTUNES,<br><br>　　　　　　　　Plaintiffs<br><br>v.<br><br>ROBERT H. HOLBER, CHAPTER 7 TRUSTEE, EMIGRANT MORTGAGE COMPANY, EMIGRANT RESIDENTIAL, LLC f/k/a EMC-LLC, BQ RETAINED REALTY, INC. and RETAINED REALTY INC.<br><br>　　　　　　　　Defendants | Adv. Pro. No. 21-00019 (MDC) |

**OBJECTION OF RETAINED REALTY INC. TO RESPONSE AND LIMITED OBJECTION OF MANUEL ANTUNES, SR. AND JUDITH M. ANTUNES TO MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER <u>APPROVING COMPREHENSIVE SETTLEMENT AGREEMENT</u>**

Retained Realty Inc. ("Retained Realty"), by and through its undersigned counsel, files this Objection (the "Objection") to the Response and Limited Objection of Manuel Antunes, Sr. and Judith M. Antunes to Motion of Chapter 7 Trustee for an Order Approving Comprehensive Settlement Agreement (the "Response") and in support thereof represents as follows:

## BACKGROUND

1. Retained Realty is the owner of certain real property located at 2104 Brookhaven Drive, Unit 290, Lower Makefield, PA (the "Property").

2. The Property was formerly owned by Plaintiffs.

3. Retained Realty obtained a deed to the Property following a sheriff's sale that took place on February 14, 2020.

4. The sheriff's deed to the Property (the "Deed") was issued on April 15, 2020 and recorded on April 23, 2020 by the Bucks County Recorder of Deeds.

5. On March 1, 2021, the Plaintiffs filed the complaint (the "Complaint") initiating instant adversary proceeding (the "Adversary Proceeding").

6. Retained Realty has not been served with a copy of the Complaint, despite the passage of more than 150 days since it was filed.

7. Following the commencement of the Adversary Proceeding, and pursuant to negotiation of a settlement agreement, on June 18, 2021, the Trustee filed the *Motion of Chapter 7 Trustee for an Order Approving Comprehensive Settlement Agreement* (the "Motion").

8. On July 4, 2021, the Plaintiffs filed the Response.

9. Retained Realty does not oppose the relief sought by the Motion, by which the Adversary Proceeding would be dismissed with prejudice. Retained Realty does, however, object

to the changes outlined in the Response as pertains to the pending Adversary Proceeding. Pursuant to this, on July 13, 2021, Retained Realty filed its Joinder of Trustee's Reply and Further Reply to Response and Limited Objection of Manuel Antunes, Sr. and Judith M. Antunes to Motion of Chapter 7 Trustee for an Order Approving Comprehensive Settlement Agreement (Document No. 544) (the "Further Reply").

10. By this Objection, Retained Realty incorporates its Further Reply as if fully set forth here. Retained Realty, for the reasons set forth below, objects to the settlement reached between and among the Trustee and the Debtor and respectfully asks the Court to enter the Trustee's original order filed with the Trustee's Motion and dismiss the Adversary Proceeding with prejudice as to all parties.

## THE RELIEF SOUGHT AND THE REASONS THEREFOR

11. Upon information and belief, despite the passage of more than five months since the filing of the Complaint, the Plaintiffs never served the Complaint upon any defendants.

12. The Complaint was not timely filed, as it was not placed on the docket until March 1, 2021 at 6:53 p.m.—beyond the 6:30 p.m. deadline imposed by this Court pursuant to its Order dated March 3, 2021 (ECF docket no. 535).

13. The Trustee is a necessary party to the Adversary Proceeding. Dismissing the Complaint only as to the Trustee will deprive Retained Realty and the remaining defendants of, *inter alia*, any cross-claims against the Trustee they may otherwise assert.

14. Moreover, the linchpin of Plaintiffs' Complaint are the Trustee's actions in connection with the Property. *See, e.g.,* Compl. ¶ 23 (the Trustee failed to object to Emigrant receiving relief from the automatic stay); Compl. ¶ 32 (the Trustee and Emigrant "collaborated"

to deny Plaintiffs their rights); Compl. ¶ 45 ("It was reckless of the Trustee not to abandon Brookhaven promptly to the Debtor and Judith Antunes, so they would have an opportunity to recover any equity in the property.").

15. One of four factors considered by courts in deciding whether to approve a settlement such as the one in the instant matter is "the paramount interest of the creditors." *See* In re Neshaminy Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986); In re Turner, 274 B.RR. 675, 681 (Bankr. W.D. Pa. 2002); In re Covenant Partners, L.P., 541 B.R. 804, 807 (Bankr. E.D. Pa. 2015). As dismissal of only the Trustee would be severely prejudicial to Retained Realty's interest in the Property, the compromise proposed in the Response neglects the paramount interest of Retained Realty.

16. "It is the trustee's duty to both the debtor and the creditor to realize from the estate all that is possible for distribution among the creditors." In re Martin, 91 F.3d 389, 394 (3d. Cir. 1996) (citations omitted). The relief sought in the Response compromises the interests of Retained Realty via removal of the Trustee, who is a necessary party. "Even if a settlement is fair and equitable to the parties to the settlement, approval is not appropriate if the rights of others who are not parties to the settlement will be unduly prejudiced." In re Devon Capital Management, Inc., 261 B.R. 619, 623 (Bankr. W.D. Pa. 2001).

17. Further, other bankruptcy courts have recognized that a chapter 7 trustee is a necessary party in circumstances such as these. *See, e.g.*, In re Holland, 2013 WL 2190164 (Bankr. D.D.C. 2013), at *3 ("[T]he [C]hapter 7 trustee is a necessary party to any proceeding to compel the conveyance of an interest in the property."); In re Riffin, 2010 WL 3260131 (Bankr. D. Md. 2010), at *4 ("As the only lawful party to act for property of the bankruptcy estate, it appears clear

that the Trustee becomes a necessary party to actions affecting the property of the estate."); In re Jackson, 548 B.R. 353, 376 (Bankr. N.D. Ga. 2016) ("[A] Chapter 7 trustee is a necessary party to any proceeding that involves a determination of whether an interest in property is or is not property of the estate.").

18. More to the point, the Complaint fails to state any viable cause of action against Retained Realty, because the Property is no longer party of Debtor's bankruptcy estate. Accordingly, even if the Trustee were to remain a party to the Adversary Proceeding, this Court would likely not have jurisdiction to adjudicate this dispute concerning the disposition of non-estate property against third parties.

## RESERVATION OF RIGHTS

19. Retained Realty reserves the right to raise any additional arguments at the hearing scheduled for this Motion and expressly reserves any and all defenses and claims in connection with the Adversary Proceeding.

## CONCLUSION

20. In view of the lateness of the Complaint, Plaintiffs' utter inaction in serving the Complaint and otherwise prosecuting this lawsuit, along with the prejudice Retained Realty would face as the result of the elimination of the Trustee as a necessary party, Retained Realty respectfully requests that the Court grant the Trustee's Motion in its original form and deny Plaintiffs' Response. Plaintiffs should not be permitted to pursue this baseless Adversary Proceeding for the reasons set forth above.

WHEREFORE, Retained Realty respectfully requests the entry of the original order filed with the Motion, and denial of the relief sought in the Response, along with such other and further relief as may be appropriate under the circumstances.

Respectfully submitted:

Dated: August 4, 2021

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:   */s/ Christopher J. Leavell*
Christopher J. Leavell, Esq.
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700

*Counsel to Retained Realty, Inc.*

PHIL1 9615298v.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MANUEL ANTUNES,<br><br>Debtor | Chapter 7<br><br>Case No. 15-16553 (MDC) |
| ROBERT H. HOLBER, CHAPTER 7 TRUSTEE TO THE ESTATE OF MANUEL ANTUNES,<br><br>Plaintiff<br><br>v.<br><br>MANCHESTER CONSTRUCTION, INC., MANUEL ANTUNES, JR., MANUEL ANTUNES, SR., AND GIUSEPPE MARRERO,<br><br>Defendants | Adv. Pro. No. 18-00097 (MDC) |
| JUDITH ANTUNES and MANUEL ANTUNES,<br><br>Plaintiffs<br><br>v.<br><br>ROBERT H. HOLBER, CHAPTER 7 TRUSTEE, EMIGRANT MORTGAGE COMPANY, EMIGRANT RESIDENTIAL, LLC f/k/a EMC-LLC, BQ RETAINED REALTY, INC.,<br><br>Defendants | Adv. Pro. No. 21-00019 (MDC) |

**CERTIFICATE OF SERVICE FOR OBJECTION OF RETAINED REALTY INC. TO RESPONSE AND LIMITED OBJECTION OF MANUEL ANTUNES, SR. AND JUDITH M. ANTUNES TO MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING COMPREHENSIVE SETTLEMENT AGREEMENT**

I, Christopher John Leavell, Esquire, hereby certify that on August 4, 2021 I did cause a true and correct copy of the foregoing Objection of Retained Realty Inc. to Response and Limited Objection of Manuel Antunes, Sr. and Judith M. Antunes to Motion of Chapter 7 Trustee for an Order Approving Comprehensive Settlement Agreement to be served via the CM/ECF System of this Bankruptcy Court upon all parties entitled to receive notice:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By: */s/ Christopher J. Leavell*
Christopher J. Leavell, Esq.
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700

*Counsel to Retained Realty, Inc.*

PHIL1 9615298v.1